```
FILED _____ LODGED
_____ RECEIVED _____ COPY

     NOV 21 2003

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY _____
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARRY D. PELTON, et al., | No. CV 03-402-TUC-RCC |
| Plaintiffs, | **ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |
| vs. | |
| STATE OF ARIZONA, et al., | |
| Defendants. | |

**Note: This order requires the parties to file a joint report, five court days before the conference scheduled herein. Willful failure to comply may result in imposition of sanctions, which may include dismissal of this action under Rule 41(b) for the Federal Rules of Civil Procedure.**

The Court is aware that no answer has been filed by the State of Arizona Defendants. Counsel are directed to particularly observe paragraph 5 of this order.

**IT IS HEREBY ORDERED:**

A telephonic Scheduling Conference will be held in the above entitled action on **Wednesday, December 17, 2003 at 10:00 a.m.**, before United States District Court Judge Collins' law clerk, CeCelia Valentine, at (520) 205-4541. The conference call shall be initiated by Plaintiff's Attorney, by calling the above number with all of the parties on the line.

Counsel are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the



conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed. Counsel are also directed to Rule 26 of the Federal Rules of Civil Procedure and the amendments effective December 1, 1993. Pursuant to Rule 26(f), counsel are directed to meet and confer at least 14 days prior to the conference scheduled herein **(December 3, 2003)** to discuss the following matters:

    A.    Any matters relating to jurisdiction or venue or the joinder of additional parties;

    B.    The nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

    C.    The scope of discovery, and possible limitations thereof. Counsel are expected to comply with Rule 26(f), Federal Rules of Civil Procedure, and seek to minimize the expense of discovery. In cases where dispositive motions will be filed (for example, motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

    D.    Initial Disclosures. Counsel must make or arrange for disclosures required under Rule 26(a)(1). Unless otherwise stipulated or directed by the Court, Initial Disclosures shall be made no later than ten days after the parties meet and confer **(December 12, 2003)**. Counsel shall file with the Clerk of the Court, in accordance with Rule 26(a)(4), a Notice of Initial Disclosure, rather than copies of the actual disclosures;

    E.    Counsel shall also develop a proposed discovery plan at this initial meeting. The specific deadlines which should be determined are discussed more fully in paragraph 10, infra;

    F.    Modification of pre-trial procedures due to the simplicity or complexity of the case;

    G.    Prospects for settlement, including any request to have a settlement conference before a Magistrate Judge or another United States District Court Judge, or participating in any other alternative dispute resolution forum;

    H.    Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §66(c), suitability for referral to this District's court-annexed voluntary

arbitration program or any other alternative dispute resolution mechanism, or reference to a master; and

I.   Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED:**

The parties shall file with the Court, **on or before December 11, 2003, a joint report** reflecting the results of their conference. The report shall include individually numbered brief statements indicating:

1.   The nature of the case, setting forth in brief statements the factual and legal basis for Plaintiff's claims and Defendant's defenses;

2.   A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme court cases, Ninth Circuit Court of Appeals cases, Arizona State case and statutory law, or other authority as dictated by the conflicts of law rules);

3.   The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4.   The statutory jurisdictional basis of the case, including a discussion of the amount in controversy if the basis is diversity jurisdiction;

5.   **The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party;**

6.   The names of parties not subject to the Court's jurisdiction;

7.   Whether there are further dispositive or partially dispositive issues to be decided by pre-trial motions, and the legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial pursuant to 28 U.S.C. §636(c);

9. The status of related cases pending before other judges of this court or before other courts;

10. Proposed deadlines for: Rule 26(a)(1) disclosures, to add parties or amend complaint, initial and rebuttal disclosure of expert testimony, witness lists, settlement reports, discovery, dispositive motions, and the pretrial order.

11. Suggested changes, if any, in the limitations on discovery imposed by Local Rule 2.12;

12. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

13. Whether a jury trial has been requested and whether the request for jury trial is contested. If the request is contested, the Joint Report shall set forth the reasons that a trial by jury is in dispute;

14. The prospects for settlement. Does any party wish to have a settlement conference with another judge or magistrate? How can settlement efforts be assisted?;

15. Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential;

16. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes; and

17. Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.

1   After the conference, the Court will enter a Scheduling Order, which shall control the
2   course of this action unless modified by subsequent Order. Counsel are cautioned that the
3   deadlines set at this conference will be enforced.
4   It is the responsibility of Plaintiff's counsel to initiate the communication necessary
5   to prepare this joint report. This Court views this Scheduling Conference as critical to its case
6   management responsibilities and the responsibilities of the parties under Rule 1, Federal Rules
7   of Civil Procedure.

DATED this 20th day of November, 2003.

RANER C. COLLINS
United States District Judge